AVERY v. PRESTON NATIONAL BANK.[1]

1. RECEIVERS—EXECUTORS—CUSTODY OF TRUST FUNDS.
   Where a receiver has deposited trust funds in a bank in his own name, his executor is entitled to recover the same from the bank, for the purpose of delivering them to the receiver's successor, although the bank is interested in the fund.

2. SAME—CHANCERY JURISDICTION.
   The court of chancery that appointed the receiver must determine the disposition of the trust fund which is in its custody.

Error to Wayne; Donovan, J. Submitted October 10, 1902. (Docket No. 43.) Decided March 23, 1903.

*Assumpsit* by Elizabeth H. Avery, John H. Avery, and George E. Avery, executors of the last will and testament of Darius N. Avery, deceased, against the Preston National Bank, for money had and received. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Reversed.

*Gray & Gray*, for appellants.

*Geer & Williams* and *H. R. Martin*, for appellee.

HOOKER, C. J. The Clover Condensed Milk Company was a corporation. It was indebted to the defendant. Being embarrassed pecuniarily, three of its stockholders advanced $1,000 each, and two mortgages of its property were given in trust to Darius N. Avery to secure its indebtedness. All expenses of the trustee were to be paid first; second, the $3,000 advanced; third, the debt to the defendant; and, afterwards, various other claims, in the order therein named. The trustee took immediate possession of the property, and proceeded to carry on the business until the 1st of the succeeding November, a period of

[1] Rehearing denied September 22, 1903.

about six months, when the property was sold. He deposited the proceeds with the defendant in his own name. The $3,000 loan was paid.

In November, 1898, a bill was filed in the Wayne circuit by the defendant, alleging the insolvency of the company; that the trustee had assets, including a claim then in litigation in New York; and that such litigation could be brought to an end more speedily through the appointment of a receiver. It prayed that a receiver be appointed to take charge of and collect the assets. Darius N. Avery was appointed such receiver, and it is claimed that the entire proceeding was with his approval.

Darius N. Avery died on May 2, 1899, without having rendered a final account as trustee or receiver; and on February 24, 1900, George E. Avery was appointed receiver, on a petition filed by himself and co-executors of Darius N. Avery. He filed a statement of account in the chancery case, and the matter was partially heard. Some dispute arose over some credits claimed by the receiver, and the hearing was continued for the purpose of securing further evidence, and it is still pending. The plaintiffs, as executors, afterwards demanded from the defendant payment of the amount deposited; and this was refused upon the claim that it was a trust fund, and really belonged to the bank. Thereupon this action was brought by the executors to recover it. The court refused to consider or admit evidence of the counterclaims, upon the ground that the court of chancery only had jurisdiction of the accounting, and directed a verdict for the defendant on the ground that this money constituted the fund of an unsettled trust in the control of a court of chancery, and that the executors had no right to recover it.

The plaintiffs claim:

1. That the transactions of the Condensed Milk Company should not have been admitted.

2. That, after they were admitted, the court should have allowed plaintiffs to show the trustee's disbursements and the true balance.

3. That a verdict should not have been directed for the defendant.

4. That one should have been directed for the plaintiffs.

At the time of the death of Darius N. Avery, he had in his custody as receiver a fund which he had deposited with this defendant. This created the relation of debtor and creditor between them. It is true that the bank had an interest in the fund, but it had no right to appropriate it as its own until the court should make an order for its distribution. It was money in the custody of the law, as between the receiver and the bank, and the former, as between them, was entitled to it. But the present receiver never had its actual custody. It was among the assets of his predecessor, and he was entitled to demand and receive them from his executors; and, the fund being susceptible of identification, there is no doubt of the receiver's right to follow it and claim it if necessary. He had also the right to demand it of the representatives, and they had the right to take the fund and deliver it to him as its proper custodian. The defendant had no right to withhold it.

Counsel cite cases which are thought to support the defendant's right, as *cestui que trust*, to apply this fund to its claim. We can imagine cases where a *cestui que trust* might defend against an action brought against him by a trustee on the ground that he was entitled to the fund, as he might in some cases recover the trust fund in an action against a trustee. But, before he would be permitted to do either, it would be necessary that he have a right to the same. Here the officer of the court of chancery is the party claiming the fund. That court, and not a court of law, must first determine the disposition of the fund which is in its custody. We cannot try the questions involved in the accounting case. Some of the cases cited relate to the right to follow a trust fund where it can be identified against general creditors, but there is no such question necessarily involved here. No one disputes that this is such a fund, and subject to the control of the court

of chancery. Presumably, the plaintiffs seek to get possession of it that they may turn it over to the receiver; thus discharging the liability of the estate in whose custody it is.

We are of the opinion that the court erred in directing a verdict for the defendant.

The judgment is reversed, and a new trial ordered.

MOORE and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.